IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-10119-03 |
| ) | |
| JESUS MANUEL URBINA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **Memorandum and Order**

This matter came before the court on the defendant's Motion for Downward Departure or Variance and for sentencing. The court ruled orally on the motion at the February 22, 2011 sentencing hearing. This written memorandum will supplement the court's oral ruling.

Defendant Jesus Manuel Urbina pled guilty to one count of conspiring to distribute 5 pounds of a mixture containing methamphetamine. The Presentence Report determined the applicable guideline range for imprisonment to be 135-168 months, which reflected reductions for defendant's acceptance of responsibility and his qualification for the "safety valve." Prior to sentencing, the defendant filed a Motion for Downward Departure or Variance, which argued that factors such as defendant's relative lack of criminal history, his history of employment, and his extensive family support, warranted a sentence below the advisory guideline range.

Under 18 U.S.C. § 3553(a), the court is required to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:  -the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After consideration of the factors in Section 3553, the court concludes that a sentence of 120 months' imprisonment, together with the other terms and conditions of sentence stated at the hearing, is sufficient but not greater than necessary to achieve the purposes of sentencing. Such a sentence reflects the seriousness of the offense, provides sufficient deterrence and avoids unwarranted sentence disparities, but also recognizes that the defendant has a limited criminal history and the capacity to be a contributing member of society.

*Conclusion*.

Defendant's Motion for a Variance (Doc. 83) is GRANTED to the extent set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __22nd__ Day of February, 2011, at Wichita, Ks.

    s/Wesley E. Brown
    Wesley E. Brown
    U.S. Senior District Judge